IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

STATE FARM FIRE & CASUALTY     )     CV. NO. 08-00220 ACK-LEK
COMPANY,                       )
                               )
          Plaintiff,           )
                               )
     vs.                       )
                               )
RONALD JENKINS and CARLA       )
JENKINS,                       )
                               )
          Defendants.          )
_____)

## ORDER DENYING DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS

          Before the Court is Defendants Ronald Jenkins and
Carla Jenkins' ("Defendants") Motion for a Stay of Proceedings
("Motion"), filed on December 31, 2008.  Plaintiff State Farm
Fire & Casualty Company ("State Farm") filed its memorandum in
opposition on January 16, 2009, and Defendants filed their reply
on January 26, 2009.  This matter came on for hearing on
February 6, 2009.  Appearing on behalf of Defendants were
Michael Vieira, Esq., and Kevin Herring, Esq., and appearing on
behalf of State Farm was Joseph Kotowski, Esq.  After careful
consideration of the Motion, supporting and opposing memoranda,
the arguments of counsel, and the relevant legal authority,
Defendants' Motion IS HEREBY DENIED for the reasons set forth
below.

## BACKGROUND

          Defendants were the owners and residents of ocean-front

property at 75-5928 Alii Drive, in Kailua-Kona ("the Property").
State Farm issued a Homeowners' Insurance Policy, No. 51-14-3252-
5, to Defendants for the Property ("the Policy").  In Spring
2006, William N. Stirlen and Shu-Tin Stirlen ("the Stirlens"),
through a real estate agent, contacted Defendants about buying
the Property.

After the Stirlens and their agent visited the Property
a number of times, their agent prepared a Deposit Receipt Offer
and Acceptance ("DROA") with addenda.  The addenda included a
Standard Oceanfront Property Addendum, which expressly referenced
the Shoreline Management Act and a State Certified Shoreline
Survey, and an Addendum to the Standard Oceanfront Property
Addendum, which expressly noted that a certified shoreline survey
was necessary to obtain building permits.  Defendants disclosed
what they knew about the Property in a Seller's Real Property
Disclosure.  The Stirlens ultimately waived all contingencies,
including a survey and home inspection.  After the Stirlens
purchased the Property, they began substantial renovations,
including increasing the height and width of a pre-existing
seawall and adding a low wall and terraced yard inside the
seawall.  The Stirlens apparently did not apply for the necessary
permits, nor did they obtain an updated shoreline survey.  They
also allegedly ignored the advice of their retained professionals
regarding the renovation.

2

On February 13, 2008, the Stirlens filed a state court action, <u>Stirlen v. Jenkins, et al.</u>, Civil No. 08-1-0044K ("Underlying Action").  The Stirlens alleged that Defendants are liable for breach of contract, breach of the implied covenant of good faith and fair dealing, failure to disclose, fraudulent inducement, intentional misrepresentation, unfair and deceptive trade practices, and negligent misrepresentation.

Pursuant to the terms of the Policy, Defendants tendered their defense in the Underlying Action to State Farm. In the instant diversity action under the Declaratory Judgment Act, State Farm seeks a declaratory judgment that it is not obligated to defend or indemnify Defendants in the Underlying Action because, *inter alia*, Defendants' alleged actions were intentional and the Stirlens did not suffer property damage.

In the instant Motion, Defendants argue this Court has the inherent power to stay proceedings in the interests of judicial economy and it should stay the instant case pending the resolution of the Underlying Action.  The issues in the instant case involve Defendants' intent to cause the damages that the Stirlens allegedly suffered.  Unless this case is stayed, Defendants will be forced to adduce facts that could be used to establish their liability in the Underlying Case.  For example, Defendants may have to prove that the Stirlens suffered property damages and that Defendants' conduct was negligent.  This would

clearly prejudice Defendants in the Underlying Action.  In
addition, there is a possibility of inconsistent judgments.

In its memorandum in opposition to the Motion, State
Farm notes that the Stirlens allege in the Underlying Action
that: Ronald Jenkins served as the sellers' broker in the sale of
the Property;[1] and Defendants made representations about the
Property which led the Stirlens to believe that the existing
seawall was property permitted and could be legally repaired.
The Stirlens also claim that Defendants knew or should have known
that: the seawall was not permitted; the County Planning
Department denied prior requests to repair the seawall; and the
Stirlens may have to remove seawall if they cannot obtain a
variance.  State Farm is defending Defendants in the Underlying
Action under a reservation of rights while it pursues the instant
declaratory relief action.

The Policy provides for defense and indemnification for
covered claims for "bodily injury or property damage . . . caused
by an occurrence".  Bodily injury is "physical injury, sickness,
or disease to a person", property damage is "physical damage to
or destruction of tangible property, including loss of use of
this property", and an occurrence is defined, in relevant part,
as an "accident".  [Mem. in Opp. at 4.]  The Policy excludes

---

[1] Some of the Stirlens' claims are against Ronald Jenkins in
his capacity as a real estate broker and his real estate agent's
errors and omissions insurance carrier has assumed his defense.

4

damages that: any insured expected or intended; arise out of any insured's business pursuits; arise out of any insured's rendering or failure to render professional services; were assumed under a contract or agreement in connection with any insured's business; or occurred to property owned by, rented to, occupied by, or used by any insured. [Id. at 4-5.]

State Farm alleges that the language in the Policy is virtually identical to the language at issue in two prior cases in this district.  Both of those cases were resolved in State Farm's favor on summary judgment.  State Farm argues that the result in the instant case should be consistent with those cases.[2]

State Farm also argues that a stay is not necessary in this case because Defendants will not have to prove their liability in the in the Underlying Action in order to establish coverage.  The instant case only requires a comparison of the allegations in the Underlying Action to the language of the Policy; it will not require the consideration of any of the facts at issue in the Underlying Action.  State Farm argues that no coverage exists because all of the Stirlens' claims arise from

---

[2] The cases are State Farm Fire & Casualty Co. v. CTC Construction Co., Ltd., CV 05-00494 DAE-LEK, and State Farm Fire & Casualty Co. v. Scott, CV 06-00119 SOM-BMK.  Although neither involved a motion to stay the case pending the resolution of the underlying state action, the defendants in both cases unsuccessfully moved for an order declining jurisdiction.

their contractual relationship with Defendants.  State Farm argues that the law is well settled in Hawaii and in this district court that claims arising from a breach of a contractual obligation, and more specifically the failure to disclose information during the sale of real property, do not allege property damage cased by an occurrence.

Defendants will not have to admit that the Stirlens suffered property damages.  The issue is only whether the type of harm alleged in the Underlying Action falls within the Policy's definition of property damage.  The only facts that are relevant are the facts as alleged in the Underlying Actions' complaint.

Defendants will not have to admit that they were negligent.  Even if the Stirlens prevail on their claim that Defendants negligently failed to disclose the permit status of the seawall, any judgment on that claim would not be covered under the Policy.  Two judges in this district have ruled under virtually identical facts that such claims for negligent misrepresentation arise from a breach of contract and not from accidental harm.

State Farm also argues that the Stirlens' claims against Ronald Jenkins in his capacity as the sellers' real estate broker are not covered under the Policy because they involve his conduct of business pursuits and the rendering of professional services.  Determining coverage for those claims

6

will not force Defendants to concede negligence or take any
position that would prejudice their defense in the Underlying
Action.  State Farm therefore argues that there is no overlap of
issues between the instant case and the Underlying Action.  The
determination of the issues in this case will not interfere with
or duplicate the issues in the Underlying Action.

        In their reply, Defendants first allege that an insurer
has an obligation under Hawaii law to investigate whether a
complaint raises a potential for coverage if: the allegations
therein alert the insurer of a potential for coverage; the
allegations differ from the known facts or from readily
determinable facts; or the allegations are ambiguous.  Defendants
argue that the complaint in the Underlying Action should have, at
the very least, alerted State Farm to the possibility of
coverage, but State Farm undertook no investigation.

        Defendants argue that the cases State Farm relies on do
not hold that all injuries arising from an alleged failure to
disclose do not constitute property damage.  The cases State Farm
cited, including the two cases in this district, only address
damages to the property value.  In contrast, where the
allegations also involve remediation costs, courts have held that
the complaint seeks property damages as well as economic damages.
The Stirlens allege that they have incurred costs associated with
the variance application and they seek damages for repairs and

7

maintenance to the Property.  Thus, the Stirlens do allege property damage that should be covered under the Policy.

Defendants further argue that the underlying complaint alleges an occurrence.  Assuming, *arguendo*, the truth of the Stirlens' factual allegations, there is no evidence that Defendants intended the resulting injuries.  Defendants had no way of knowing that the Stirlens would undertake substantial renovations to the seawall and ignore the County Zoning Code.

Defendants emphasize that this case did not arise from a contract to construct a home, nor was there an agreement to disclose damages that the insureds knew occurred before they entered into the contract.  In those cases, the insureds could foresee the damages that occurred.  In contrast, Defendants's should be deemed accidental because they could not expect or foresee the Stirlens' post-purchase conduct or damages.

Finally, Defendants argue that a stay is necessary because, in order to establish that the Policy's professional acts exclusion does not apply, Defendants must prove that they were not acting in a professional capacity, which would preclude any coverage under Ronald Jenkins' errors and omissions policy.

## DISCUSSION

A district court has the inherent power to stay proceedings before it.  See Landis v. North Am. Co., 299 U.S. 248, 254 (1936); see also Leyva v. Certified Grocers of Cal.,

Ltd., 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); Silvaco Data Sys., Inc. v. Tech. Modeling Assocs., Inc., 896 F. Supp. 973, 975 (N.D. Cal. 1995) ("in the interest of wise judicial administration, a federal court may stay its proceedings where a parallel state action is pending" (citation and quotation marks omitted)).

In addition, under the Declaratory Judgment Act, a district court has the "unique and substantial discretion" to decide whether to issue a declaratory judgment.  See Wilton v. Seven Falls Co., 515 U.S. 277, 286 (1995).

> Consistent with the nonobligatory nature of the remedy, a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have drawn to a close.  In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

Id. at 288.  The court's discretion, however, is not unfettered. See Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998).  "Prudential guidance for retention of the district court's authority is found in Brillhart v. Excess Ins. Co. of America, 316 U.S. 491 (1942), and its progeny."  Id. (some citations omitted).

9

> The <u>Brillhart</u> factors remain the philosophic
> touchstone for the district court.  The district
> court should avoid needless determination of state
> law issues; it should discourage litigants from
> filing declaratory actions as a means of forum
> shopping; and it should avoid duplicative
> litigation.  If there are parallel state
> proceedings involving the same issues and parties
> pending at the time the federal declaratory action
> is filed, there is a presumption that the entire
> suit should be heard in state court.  The pendency
> of a state court action does not, of itself,
> require a district court to refuse federal
> declaratory relief.  Nonetheless, federal courts
> should generally decline to entertain reactive
> declaratory actions.

<u>Id.</u> at 1225 (citations omitted).  In addition, the Ninth Circuit

has recognized that other considerations include:

> whether the declaratory action will settle all
> aspects of the controversy; whether the
> declaratory action will serve a useful purpose in
> clarifying the legal relations at issue; whether
> the declaratory action is being sought merely for
> the purposes of procedural fencing or to obtain a
> 'res judicata' advantage; or whether the use of a
> declaratory action will result in entanglement
> between the federal and state court systems.  In
> addition, the district court might also consider
> the convenience of the parties, and the
> availability and relative convenience of other
> remedies.

<u>Id.</u> at 1225 n.5 (citation and quotation marks omitted).

District judges in this district, and in other

districts within the Ninth Circuit, have applied the <u>Brillhart</u>

factors in determining whether to stay an insurance coverage

action pending the resolution of the underlying state tort

action.  <u>See</u> <u>Allstate Ins. Co. v. Davis</u>, 430 F. Supp. 2d 1112,

1119-21 (D. Haw. 2006) (applying the <u>Brillhart</u> and <u>Dizol</u> factors

10

and deciding to retain jurisdiction and denying alternative
motion to stay the action pending the underlying state court
action); see also, e.g., John Deere Ins. Co. v. Sanders
Oldsmobile-Cadillac, Inc., No. 1:07cv0010 LJO SMS, 2007 WL
2317150, at *3-*4 (E.D. Cal. Aug. 9, 2007) (applying the
Brillhart factors and granting stay); Allstate Ins. Co. v.
Gillette, No. C 05-02385 WHA, 2006 WL 997236, at *3-*4 (N.D. Cal.
Apr. 17, 2006) (applying the Brillhart and Dizol factors and
denying stay).

        1.   **Needless determination of state law issues**

        This factor is concerned with the determination of
unsettled state law issues rather than case-specific factual
issues.  See Davis, 430 F. Supp. 2d at 1120 (citing National
Chiropractic Mutual Insurance Co. v. Doe, 23 F. Supp. 2d 1109,
1118 (D. Alaska 1998) (citing Cont'l Cas. Co. v. Robsac Indus.,
947 F.2d 1367, 1371 (9th Cir. 1991), overruled on other grounds
by Dizol, 133 F.3d at 1227)).  "When state law is unclear,
'[a]bsent a strong countervailing federal interest, the federal
court should not elbow its way . . . to render what may be an
"uncertain" and "ephemeral" interpretation of state law.'"  Id.
(quoting Mitcheson v. Harris, 955 F.2d 235, 238 (4th Cir. 1992))
(alterations in original).

        In the present case, the parties do not dispute that
the issues herein involve the interpretation of the Policy and,

hence, the application of Hawaii insurance law.  These issues are not unusually complex and they do not involve unsettled areas of Hawaii insurance law.  <u>See</u> <u>Davis</u>, 430 F. Supp. 2d at 1120.  "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." <u>Dizol</u>, 133 F.3d at 1225.  Further, this district court has interpreted insurance policies under Hawaii law on numerous occasions.  <u>See</u> <u>Davis</u>, 430 F. Supp. 2d at 1120.  The Court therefore finds that this factor weighs against a stay in the instant case.

     **2.**   **<u>Forum Shopping</u>**

     In <u>Davis</u>, the district judge noted that:

> A party is typically understood to be forum shopping for "filing a federal court declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." <u>American Casualty Company of Reading, Pennsylvania v. Krieger</u>, 181 F.3d 1113, 1119 (9th Cir.1999).  Courts have defined improper forum shopping to encompass situations where the action is "reactive" or "defensive" in that the insurer files a claim in federal court after it has already been sued in state court by either the injured third party or the insured.  <u>National Chiropractic</u>, 23 F.Supp.2d at 1117-18.

430 F. Supp. 2d at 1120-21.  This Court finds that there is no indication that State Farm was forum shopping when it filed the instant case in federal court.  State Farm is not a party in the Underlying Action and it is unlikely that State Farm could be joined therein.  "Hawaii law disfavors the joinder of an insurer

12

in a third-party tort action absent some contractual or statutory provision." Id. at 1121 (citing Olokele Sugar Co. v. McCabe, Hamilton & Renny Co., 53 Haw. 69, 71-72, 487 P.2d 769 (1971) (holding that "it would not be sound public policy to permit the insurer to be joined as a defendant, in deference to what is believed to be a jury's tendency to find negligence or augment the damages, if it thinks that an affluent institution such as an insurance company will bear the loss")).  Further, litigation in the federal courts provides "a neutral forum free from an appearance of favoritism against an out-of-state party." Id. The Court therefore finds that this factor also weighs against a stay in the instant case.

   **3.   Duplicative Litigation**

       Insofar as State Farm is not a party in the Underlying Action, the state court will not consider whether State Farm has any duty to defend or indemnify Defendants.  Duplicative litigation may be a concern, however, if determining State Farm's duties to Defendants would require the determination of issues that the state court will address in the Underlying Action.  In considering this factor, the Court must consider the duty to defend and the duty to indemnify separately because they are separate and distinct.  See id.

   **a.   Duty to Defend**

       The Hawaii Supreme Court has held that the duty to

defend "is purely contractual and depends, in the first instance, on the language of the particular policy involved." Dairy Road Partners v. Island Ins. Co., Ltd., 92 Haw. 398, 413, 992 P.2d 93, 108 (2000) (citations and quotation marks omitted).  The duty to defend arises where the insurer's duty to indemnify is potentially implicated.  See Pancakes of Hawaii, Inc. v. Pomare Props. Corp., 85 Haw. 286, 291, 944 P.2d 83, 88 (Ct. App. 1997). "In other words, [t]he duty to defend is limited to situations where the pleadings have alleged claims for relief [that] fall within the terms for coverage of the insurance contract.  Where pleadings fail to allege any basis for recovery within the coverage clause, the insurer has no obligation to defend." Id. (citations and quotation marks omitted) (alterations in original).  The insurer may only use facts extrinsic to the complaint in the underlying action to disclaim its duty to defend if it can show that "*none* of the facts upon which it relies might be resolved differently in the underlying lawsuit." Dairy Road, 92 Haw. at 422, 992 P.2d at 117 (citations omitted) (emphasis in original).  In the present case, State Farm relies only on the allegations of the Stirlens' complaint to disclaim its duty to defend.  State Farm contends that, even if all of the Stirlens' allegations are proven to be true, Defendants are not covered under the Policy.  Thus, addressing State Farm's duty to defend will not require the determination of issues that the state court

14

will address in the Underlying Action.

        **b.**   **Duty to Indemnify**

State Farm also argues that there will be no duplicative litigation in determining its duty to indemnify. Clearly, if the district judge rules in the instant case that there is no duty to defend, he will also likely find that there is no duty to indemnify.  The duty to defend, however, is broader than the duty to indemnify.  See Oahu Transit Servs., Inc. v. Northfield Ins. Co., 107 Haw. 231, 239, 112 P.3d 717, 725 (2005). If the district judge finds that there was a duty to defend, resolving the duty to indemnify may involve issues that the state court will determine.  Even if such issues are not readily apparent at the present time, they may arise through discovery and further litigation in this case and the Underlying Action. See Dairy Road, 92 Haw. at 422, 992 P.2d at 117 ("Facts that were uncontroverted at the time of tender might take new shape at a future trial or through additional discovery.").  Thus, while this Court finds, at the present time, that the determination of State Farm's duty to indemnify will not involve duplicative litigation, this Court recognizes that this may change as the two cases progress.

This Court therefore finds that the duplicative litigation factor also weighs against a stay in the instant case.

4.   __Dizol Factors__

The instant case will not resolve all of the issues regarding the sale of the Property, but it will resolve all of the insurance coverage issues and will therefore be useful in determining the legal relationships between State Farm and Defendants.  Insofar as State Farm is not a party in the Underlying Action and there is no indication of any collusion between State Farm and the Stirlens, this Court finds that State Farm did not file the instant case merely to gain an advantage in the Underlying Action.  This Court also finds that there is no danger of entanglement between the state and federal courts because the issues presented in this case are sufficiently distinct from the issues in the Underlying Action.

Finally, this Court acknowledges that it would be inconvenient for Defendants to have to litigate against both State Farm and the Stirlens.  The Court, however, also notes that it would be inconvenient for State Farm to face uncertainty about its obligations through the duration of the Underlying Action. This Court therefore finds that the convenience of the parties factor is neutral.

This Court finds that the vast majority of the relevant factors weigh against a stay in the instant case.  Defendants' Motion is therefore DENIED.  The denial, however, is without prejudice to a future motion to stay the determination of State

16

Farm's duty to indemnify, which Defendants may bring if warranted by new discovery or other events in the instant case or in the Underlying Action.

<u>CONCLUSION</u>

On the basis of the foregoing, Defendants' Motion for a Stay of Proceedings, filed December 31, 2008, is HEREBY DENIED. The Motion is DENIED WITHOUT PREJUDICE to the future filing of a new motion to stay the determination of State Farm's duty to defend.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 3, 2009.



  /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

<u>STATE FARM FIRE & CASUALTY COMPANY V. JENKINS</u>; CV 08-00220 ACK-LEK; ORDER DENYING DEFENDANTS MOTION FOR A STAY OF PROCEEDINGS